JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **EDCV 13-01043 JGB (OP)** | Date | August 7, 2013 |
|---|---|---|---|
| Title | *Federal National Mortgage Association v. Ward E. Webster, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **Minute Order REMANDING Action to California Superior Court for the County of San Bernardino**

### I. BACKGROUND

On February 5, 2013, Plaintiff Federal National Mortgage Association ("FNMA") filed a complaint for unlawful detainer ("Complaint") against Defendant Ward E. Webster ("Webster") and fictitious defendants in the California Superior Court for the County of San Bernardino. (Not. of Removal at 18, Doc. No. 1.) The action involves real property at 5005 Madison Street, Chino, California 91710. (Compl. ¶ 1.) On June 11, 2013, Defendant Webster removed the action to this Court. (Id. at 2.)

This is the second time Defendant has attempted to remove this action. See Federal National Mortgage Association v. Ward E. Webster, No. 5:13-cv-00668-JGB(OP) (C.D. Cal. Apr. 11, 2013). Defendant's prior removal was remanded back to state court due to lack of subject matter jurisdiction. See id. (finding that the Court lacked subject matter jurisdiction on the basis of federal question, Civil Rights removal, and federal party.)

Defendant's instant second attempt to remove the same unlawful detainer action involving the same property fails to allege any new basis for removal. Parties may not remove an action two or more times on the same basis. Seedman v. U.S. Dist. Court for Cent. Dist. of Calif., 837 F.2d 413, 414 (9th Cir. 1988) (holding a district court lacked jurisdiction where a defendant's second removal petition was based on the same ground as the prior removal); Homestead Ins. Co., Inc. v. Casden, 234 Fed. Appx. 434 (9th Cir. 2007) (same). For the reasons

MG

outlined in the Court's prior order on May 21, 2013, the Court lacks subject matter jurisdiction over this unlawful detainer action. (See Case No. 13-0668, Doc. No. 6.)

The Court cautions Defendant that sanctions may be imposed if Defendant attempts to remove this action to this Court again without alleging a proper basis for jurisdiction. See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10-1824, 2010 WL 4009557, at *1 (S.D. Cal. Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions.").

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**

# JS-6

MG